JOSÉ GONZÁLEZ CLEMENTE & Co., Appellant *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 847. Argued May 13, 1931.—Decided July 22, 1931.

*José Sabater* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Registrar of Property of San Germán refused to record a marshal's deed to certain property sold under execution. He based. his ruling upon the want of a certified copy of the judgment rendered by the district court, or of the summons, or of the marshal's return thereon, or other data sufficient to show that the said court had obtained jurisdiction over the defendant.

The deed contained a verbatim copy of the writ of execution from which it appeared that the plaintiff in a civil action had obtained a money judgment against the defendant for a specified amount. A court of record in which such a judgment has been obtained is presumed to have acquired jurisdiction over the parties. The purchaser at a judicial sale knows that this presumption is not conclusive and must either investigate for himself or assume whatever risk may be involved in the possibility that the fact may prove to be otherwise.

Because of the perfunctory manner in which the power of the district judge is sometimes exercised in a summary foreclosure proceeding and in other *ex parte* matters, this Court has recognized an exception to the general rule, but the possibility of obtaining a judgment in an adversary proceeding without bringing the defendant into court seems remote. To ignore the general rule or to establish a different rule in such cases would not result in any practical benefit or advantage sufficient to off-set the incidental annoyance and inconvenience to interested parties. Under the law as it stands, the registries of property are not courts of land registration, and the purchaser at a judicial sale cannot rely upon the recording of a marshal's deed as an absolute assurance of a sound title.

The ruling appealed from must be reversed.